UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

CHERYL K.,[1]

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No: 1:21-cv-563

Dlott, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

This matter is before the Court on Plaintiff's amended motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b) (Doc.16), the Commissioner's opposing memorandum (Doc.17), and Plaintiff's reply in support of the motion (Doc. 18).

Pursuant to 42 U.S.C. § 406(b)(1)(A), a court may award a prevailing claimant's attorney a reasonable fee not in excess of 25 percent of past-due benefits recovered by the claimant for work done in a judicial proceeding. 42 U.S.C. § 406(b)(1)(A). *See Horenstein v. Sec'y of H.H.S.*, 35 F.3d 261, 262 (6th Cir. 1994) (en banc) (court may award fees only for work performed before the court, and not before the Social Security Administration). Fees are awarded from past-due benefits withheld from the claimant by the Commissioner and may not exceed 25 percent of the total past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 792 (2002).

Courts therefore have an "affirmative obligation... to determine whether a fee award is 'reasonable,' even when supported by an unopposed motion that relies on a

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials. *See* General Order 22-01.

standard contingency fee agreement within the 25% statutory cap." *Ringel v. Com'r of Soc. Sec.*, 295 F. Supp.3d 816, 822 (S.D. Ohio 2018) (citing *Lowery v. Com'r of Soc. Sec.,* 940 F. Supp.2d 689, 691 (S.D. Ohio 2013)). When a party is awarded attorney's fees under both the EAJA and 42 U.S.C. § 406(b) of the Social Security Act, the attorney must refund the claimant the EAJA fee if it is less than the 406(b) award. *Ringel v. Comm'r of Soc. Sec.*, 295 F. Supp. 3d 816, 839-40 (S.D. Ohio 2018).

In determining the reasonableness of fees under § 406(b), the starting point is the contingency fee agreement between the claimant and counsel. *Gisbrecht*, 535 U.S. at 807. When a claimant has entered into a contingency fee agreement entitling counsel to 25 percent of past-due benefits awarded, the Court presumes, subject to rebuttal, that the contract is reasonable. *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc). Within the 25 percent boundary, the attorney for the claimant must show that the fee sought is reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807. The Court should consider factors such as the character of the representation, the results achieved, the amount of time spent on the case, whether the attorney was responsible for any delay, and the attorney's normal hourly billing rate for noncontingent fee cases. *Id.* at 808. *See also Rodriquez*, 865 F.2d at 746.

Additionally, the Court should consider instances of improper conduct or ineffectiveness of counsel; whether counsel would enjoy a windfall because of either an inordinately large award or from minimal effort expended; and the degree of difficulty of the case. *Hayes v. Sec'y of HHS*, 923 F.2d 418, 422 (6th Cir. 1990); *Rodriquez*, 865 F.2d at 746. An award of 25 percent of past-due benefits may be appropriate where counsel has overcome legal and factual obstacles to enhance the benefits awarded to the client; in contrast, such an award may not be warranted in a case submitted on boilerplate

2

pleadings with no apparent legal research. *Rodriquez*, 865 F.2d at 747.

An award of fees under § 406(b) is not improper merely because it results in an above-average hourly rate. *Royzer v. Sec'y of HHS*, 900 F.2d 981, 981-82 (6th Cir. 1990). As the Sixth Circuit has determined:

> It is not at all unusual for contingent fees to translate into large hourly rates if the rate is computed as the trial judge has computed it here [by dividing the hours worked into the amount of the requested fee]. In assessing the reasonableness of a contingent fee award, we cannot ignore the fact that the attorney will not prevail every time. The hourly rate in the next contingent fee case will be zero, unless benefits are awarded. Contingent fees generally overcompensate in some cases and undercompensate in others. It is the nature of the beast.

*Id.* "[A] hypothetical hourly rate that is less than twice the standard rate is per se reasonable, and a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable." *Hayes*, 923 F.2d at 422. *See also Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014). Recently, in *Ringel*, this Court set forth the several "guideposts" most frequently used to determine whether a fee is "reasonable," including: (1) the *Hayes* test; (2) the amount of administrative and/or judicial delay; (3) the quality and quantity of attorney hours expended; (4) whether counsel has compromised his/her fee; (5) whether the Commissioner has filed any opposition; and (6) a small number of less "common" factors.

Here, following remand, the Court found that Plaintiff could proceed with a new application for Disabled Adult Child benefits when she had previously been denied benefits and had not filed an appeal. Thereafter, Plaintiff was ultimately awarded $403,631.90 in past due benefits beginning in June 1992. Plaintiff's motion references and attaches a Notices of Award, dated May 18, 2024. (Doc. 16, Ex. 4).

As such, Plaintiff's counsel is seeking an additional award of $50,000.00 in

3

attorney's fees pursuant to 42 U.S.C. §406(b). (Docs. 15, 16). Plaintiff has submitted her counsel's affirmation regarding the fee request. (Doc. 16-2, Hollifield Aff.); copies of the contingency fee agreements she entered into with counsel and under which she agreed to pay a contingency fee of 25% of past-due benefits. (Doc. 16-3 ); an itemized billing sheet showing that Lisa S. Hollifield, Esq. performed a total of 22.5 hours of work on her case in this Court between August 2021 and March 2022. (Doc. 16-1); and her Notice of Award from the Social Security Administration. (Doc. 16-4). Plaintiff's counsel also affirms that, upon receipt of their fee award, she will remit the $3900.00 already awarded under the Equal Access to Justice Act (EAJA) directly to plaintiff. (*See* Doc. 16).

Here, 25% of Plaintiff's ultimate award is $100,907.97. As such, the fee of $50,000.00 that plaintiff requests falls well within the 25% boundary. Thus, the issue is whether the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 807. In this regard, dividing the $50,000.00 requested by counsel by the 22.5 hours counsel worked on the case before this Court yields a hypothetical hourly fee of $2,222.22. As such, the requested $50,000.00 fee may arguably be viewed as a windfall given the 22.5 hours spent by counsel before the Court in this case.

Notably, Plaintiff's counsel has not cited to any cases awarding fees with implied hourly rates near or approaching $2,222.22 per hour. However, the Commissioner noted several cases where this Court has awarded fees between $1,000 per hour and $1,500 per hour. See *Allan v. Comm'r of Soc. Sec.*, No. 3:15-cv-00183-SLO, 2021 WL 4932004 (S.D. Ohio Oct. 21, 2021) (this Court awarded a § 406(b) fee with an implied hourly rate of $1,316.19, in a case with "extensive briefing" and "representation of Plaintiff . . . for a total of eight years."). See also *Beck v. Comm'r of Soc. Sec.*, No. 1:10-cv-398, 2013 WL 6410589 (S.D. Ohio Dec. 9, 2013) ($30,000.00 fee with an effective hourly rate of

4

$1,276.60 for 23.5 hours of work appropriate where plaintiff's counsel reduced the fee, plaintiff submitted a letter endorsing the fee, there was no impropriety or delay on the part of plaintiff's counsel, and the case presented legal and factual challenges), *report and recommendation adopted*, No. C-1-10-398, 2014 WL 287268 (S.D. Ohio Jan. 24, 2014) (Weber, J.).

In light of the foregoing, the undersigned finds that counsels' request should be reduced in part, to avoid a windfall.  The undersigned also recognizes that the contingency fee agreement entitles Plaintiff's counsel to 25 percent of past due benefits, her requested fee of $50,000.00 reflects an effective contingency fee rate of 13 percent, much less than the agreed to 25 percent.  This case also involved an uncommon legal issue and counsel achieved an excellent result for her client getting benefits awarded as far back as 1992. Accordingly, the undersigned finds, based upon the specific facts of this particular case, that a reasonable fee be awarded in the amount of $40,050.00. The sum reflects an effective hourly rate of $1,780 for 22.5 hours of work which the undersigned finds adequately compensates her for the contingent nature of her contracted fee for work performed in this Court.  Though this rate is higher than the rates discussed above in *Allan* and *Beck, Beck* was decided more than 10 years ago such that this award is in line with prior caselaw in this district.

Given the substantial risk undertaken by attorneys in accepting social security representation on a contingent fee basis, the undersigned finds that an award of $40,050.00 is reasonable in this case.

Accordingly, **IT IS RECOMMENDED THAT**:

1. The Motion for Amended Attorney Fees filed by Plaintiff's counsel (Doc. 16) is **GRANTED, in part ;**

5

2. Plaintiff's counsel shall be awarded attorney fees pursuant to 42 U.S.C. § 406(b)(1) in the amount of **$40,050.00**;

3. Plaintiff's counsel is ordered to remit **$3,900.00** of this sum directly to Plaintiff upon receipt;

4. The remaining funds that the Commissioner has withheld from Plaintiff's past-due benefits in anticipation of a § 406(b) award should be released to Plaintiff; and

5. The case should remain terminated on the docket of this Court.

                                                    *s/ Stephanie K. Bowman*
                                                    Stephanie K. Bowman
                                                    United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| CHERYL K., | Case No: 1:21-cv-563 |
| Plaintiff, | Dlott, J. |
| v. | Bowman, M.J. |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).